UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| TRAVIS LEE JOSEPH | CIVIL ACTION NO. 07-1297 |
| VS. | SECTION P |
| SERGEANT WARE, ET AL. | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Travis Joseph on August 2, 2007 pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the C.Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. Plaintiff complains that his First Amendment right to free exercise of his religion was violated by prison employees when he was fed pork, on one occasion, against his religious beliefs. He names CPP Sergeant Ware, CPP Master Sergeant Parker, CPP Lieutenant Sellers, and CPP Sergeant Woody as defendants. By this action, plaintiff seeks monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## Statement of the Case

Plaintiff, an adherent to the Islam faith, claims that on January 27, 2007, he was fed pork at lunch against his religious beliefs.  More specifically, he states that defendant Woody was asked if the food being served that day (hot pockets) contained pork.  Upon being questioned, defendant Woody looked at defendant Sellers, who was also on the serve line.  Sellers then asked defendant Parker if the meal contained pork, to which Sellers replied that there was no pork in the meal.  Defendant Ware, who was "over the cook line" was also asked if the food had pork in it, and she responded that she did not know, but that plaintiff had better eat what was on the serve line because there wasn't any thing else to eat.  Plaintiff subsequently concluded that his January 27, 2007 meal contained pork because on February 3, 2007, the same meal was served by another group of CPP employees.  At that time, there was a sign on the serve line indicating that pork was in the food, and that non-pork eaters would be served something different.  Plaintiff also states that one of the employees that served the meal on February 3, 2007 said that the box that the meal came in said "pork".

As a result of the above, plaintiff states that his First Amendment rights have been violated because he was fed pork on one occasion under false pretenses  "because no one took the time to do their job correctly."

## Law and Analysis

**Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

While short on detail, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for relief. Accordingly, plaintiff's complaint should be dismissed with prejudice.

**Right to Free Exercise of Religion**

Inmates such as plaintiff retain the protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion.  Thus, prisoners must be accorded "reasonable opportunities" to exercise their religious freedom guaranteed by the First Amendment.  *Cruz v. Beto*, 92 S.Ct. 1079, 1081 n.2 (1972) (per curiam); *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194 (1984); *Mumin v. Phelps*, 857 F.2d. 1055, 1056 (5th Cir. 1988).   However, *de minimis* burdens on the free exercise of religion are not of constitutional dimension. *See  Rapier v. Harris,* 172 F.3d 999, 1006 fn.4 (7th Cir. 1999) citing *Walsh v. Louisiana High Sch. Athletic Ass'n*, 616 F.2d 152, 158 (5th Cir.1980), cert. denied, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981).  Moreover, lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, including limitations on the right to exercise one's religion.  These limitations arise both from the fact of incarceration and from valid penological objectives. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).  Thus, the standard for evaluating an inmate's claim that a prison regulation or practice improperly restricts the inmate's right to the free exercise of his religion requires the court to evaluate the regulation or practice in order to determine whether it "is reasonably related to legitimate penological interests." *Id.* at 349; *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

In the present case, the plaintiff is not complaining of a prison regulation, limitation, program or practice that improperly restricts his right to the free exercise of his religion. To the contrary, plaintiff's allegations clearly demonstrate that the CPP has in place a program or practice to accommodate the dietary requests of its Islamic inmates evidenced by the "pork" signs on the serve line during the February 3, 2007 meal. Rather, plaintiff's claim concerns an alleged failure of prison employees to provide a pork-free meal on one occasion.  This isolated incident is not sufficient to implicate the Constitution.  *Randall v. McLeod,* 68 F.3d 470 (5th Cir. 1995) citing *Barnes v. Mann*, 12 F.3d 211 (6th Cir. 1993) (finding that denial of a pork free meal on two separate occasions does not constitute a sufficient burden on the exercise of an inmate's free exercise of his religious beliefs to implicate the constitution); *White v. Glantz*, 986 F.2d 1431 (10th Cir. 1993) (finding that an "isolated occurrence of being given two meals with green beans and bacon" did not violate a Muslim inmate's First Amendment rights); *Rapier,* 172 F.3d at 1006 fn.4 (finding that prison official's failure to accommodate an inmate's request for a pork free meal on three isolated occasions does not amount to a constitutional deprivation); *Omar v. Casterline,* 414 F.Supp.2d 582, 593 (W.D.La. 2006) (finding refusal to hold three meals until sunset during Ramadan had only a *de minimis* impact on free exercise rights and accordingly inmate's claims was dismissed).  *See also Thompson v. Quarterman*, 2007 WL 2900564, *2 (S.D.Tex. 2007) citing *Cancel v. Mazzuca*, 205 F.Supp.2d 128, 142 (S.D.N.Y. 2002) (noting that an "isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's

5

right to practice his religion."); *Castillo v. Blanco*, 2007 WL 2264285, 12 (E.D.La. 2007) (finding that requiring an inmate to work on one occasion on a Saturday which the inmate observes as the Sabbath was a *de minimis* burden on religious freedom which did not run afoul of constitutional provisions); *Baskin v. Murphy*, 2007 WL 1192313, *4 (E.D.Tex. 2007) (denial of ability to attend one meal during Ramadan states only a *de minimis* imposition on free exercise rights and accordingly claim was frivolous and failed to state a cause of action upon which relief could be granted). Moreover, the law in this Circuit is that prisons need not respond to particularized religious dietary requests. *Baranowski v. Hart,* 486 F.3d 112, 122 (5th Cir. 2007) citing *Udey v. Kastner*, 805 F.2d 1218, 1219-1220 (5th Cir.1986) and *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir.1988); *See also Chisolm v. Sumlin*, 2006 WL 2077979, *3 (W.D.La. 2006). In essence, plaintiff is asserting a legal interest which does not exist as he is not constitutionally entitled to a pork-free diet. *Randall,* 68 F.3d at fn. 5 citing *Barnes*, 12 F.3d at 211.

    For the above reasons, plaintiff has failed to demonstrate that his First Amendment right to free exercise of his religion has been violated. Thus, plaintiff has failed to state a claim upon which relief may be granted.[1]

---

[1] In the alternative, the court notes that plaintiff's claim is nevertheless be barred by the physical injury requirement of § 1997e(e), which provides that "[n]o federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Geiger v. Jowers,* 404 F.3d 371, 374-375 (5th Cir. 2005) (holding that § 1997e(e) applies to prisoner's First Amendment claims). Plaintiff's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.

Accepting plaintiff's allegations as true, at best, plaintiff's allegations set forth a claim for negligence on the part of the defendants.  Although negligence actions may be asserted under Louisiana state law, allegations of negligence do not state a constitutional claim and are not cognizable under § 1983.  *See* Louisiana Civil Code Article 2315; *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 664, 88 L.Ed. 2d 662 (1986); *Estelle v. Gamble*, 429 U.S. 97, 105-106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Eason v. Thaler*, 73 F.3d 1322, 1328 fn. 2 citing *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988).[2]  Thus, to the extent that plaintiff seeks redress on the basis of the defendants' negligence, he has failed to state a claim for which relief may be granted.

For the reasons set forth above,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

---

[2] The basis for this fundamental rule is that the constitutional amendments are not "font[s] of tort law to be superimposed upon whatever systems may already be administered by the States." *Lewis v. Woods*, 848 F.2d 649, 651-52 (5th Cir. 1988) citing *Paul v. Davis*, 424 U.S. 693, 701 (1976). Accordingly, the Supreme Court has rejected "any attempt to derive from congressional civil rights statutes a body of general federal tort law." *Id.* citing *Paul*, 424 U.S. at 701.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED**, in Chambers, at Lafayette, Louisiana, this 22nd day of October, 2007.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE